NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN HALL,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CITY AND COUNTY OF HONOLULU; JOHN LEO CASTILLO; DEBRA MAIOHO-POHINA; CHRISTOPHER KOANUI,<br><br>    Defendants - Appellees,<br><br>and<br><br>LEONARD LETOTO,<br><br>    Defendant. | No. 25-3596<br><br>D.C. No.<br>1:21-cv-00248-LEK-KJM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 25, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Robin Hall appeals the dismissal of her claims against the City and County of Honolulu ("Honolulu") and the grant of summary judgment to Honolulu Police Department officers Christopher Koanui, John Castillo, and Debra Maioho-Pohina (collectively, the "Officers"). Hall brought claims under 42 U.S.C. § 1983 and state law arising from the Officers' response to an incident involving Hall and her former employer, Leonard Letoto. We review de novo grants of summary judgment, *Long v. County of Los Angeles*, 442 F.3d 1178, 1184 (9th Cir. 2006), and dismissals for failure to state a claim, *Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020). We may affirm on any ground supported by the record. *Puget Soundkeeper All. v. Port of Tacoma*, 104 F.4th 95, 103 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court properly granted summary judgment to Officer Koanui on Hall's First Amendment retaliation claim. Assuming without deciding that Officer Koanui's statements to Hall constituted adverse actions, there is no triable issue of fact as to whether there was a substantial causal relationship between Officer Koanui's statements and Hall's attempts to make a criminal complaint against Letoto. *See Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019) (retaliation claim requires "but-for" causation, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive" (citation omitted)); *Hill v. City of Fountain Valley*, 70 F.4th 507, 518–19 (9th Cir.

2023) (affirming grant of summary judgment to officers because no evidence suggested that officers would have acted differently even without plaintiff's protected activity). The undisputed record shows that Officer Koanui suggested that Hall retaining Letoto's business phone was "borderline extortion" and could constitute theft while Hall possessed both the phone and the paycheck. Officer Koanui's statements addressed that conduct. Because Officer Koanui had reason to address Hall's retention of the phone regardless of whether she sought to press charges against Letoto, her protected activity was not a but-for cause of Officer Koanui's statements. *See Nieves*, 587 U.S. at 398 ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury.").

2.      The district court properly granted summary judgment to Officer Koanui on Hall's Fourteenth Amendment equal protection claim because there is no triable issue of fact as to whether a rational basis existed to treat Hall's complaint differently than Letoto's. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (establishing elements of a class-of-one claim). We look to "whether there is a rational basis for the *distinction*, rather than the underlying government *action*." *Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1023 (9th Cir. 2011). The undisputed differences in the two complaints' investigative posture supply that basis. Letoto's theft allegation was based in part on conduct that

Officer Koanui directly observed. By contrast, Hall's assault allegation depended on surveillance video that was not viewable at the scene, and Hall fainted before the Officers could confirm how Hall wanted to proceed. Those undisputed distinctions furnish a non-arbitrary basis for documenting Letoto's complaint while deferring Hall's.

3.     Because Hall's underlying constitutional claims fail, so do her conspiracy claims against the Officers. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (conspiracy requires "an underlying constitutional violation"). To the extent that Hall presses a state-law civil conspiracy claim, she ties it to the same asserted constitutional violations discussed here, so it fails for lack of any underlying unlawful act. *See Weinberg v. Mauch*, 890 P.2d 277, 286 (Haw. 1995).

4.     We affirm the district court's dismissal of Hall's claims against Honolulu because a municipality cannot be held liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), absent an underlying constitutional injury. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

**AFFIRMED.**